<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIGNA GOMEZ FALLAS; A# 219307744, | Case No. 22cv00304 (EP) |
| Plaintiff, | **OPINION** |
| v. | |
| UR M. JADOU, Director, U.S. Citizenship and Immigration Services, et al., | |
| Defendants. | |

**PADIN, District Judge.**

Plaintiff Digna Gomez Fallas filed this action against Defendants Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), Paulo Correia, Director of USCIS's Newark field office, and Merrick B. Garland, United States Attorney General, following USCIS's denial of Plaintiff's application for adjustment of immigration status. *See* D.E. 11 ("Am. Compl."). Defendants now move to dismiss this action for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 12-1 ("Mot."). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the following reasons, the motion will be **GRANTED**.

I.  **BACKGROUND**

Plaintiff, a citizen of Costa Rica, currently resides in Basking Ridge, New Jersey. Am. Compl. at 3. She entered the United States under a purportedly valid B-1/B-2 Visa in 1992, 1994, 1996, and for the final time in 2000, after which she remained in the United States. *Id.* ¶¶ 2-4. On September 10, 2019, Plaintiff filed a Form I-485 with USCIS, seeking adjustment of immigration

status to that of a lawful permanent resident ("Status Application"). *Id.* ¶ 7; D.E. 13-1 ("NOID"). On January 5, 2021, Plaintiff appeared at the USCIS Newark field office for an interview to determine her eligibility for adjustment of immigration status. Am. Compl. ¶ 8; D.E. 13-2 ("Denial").

On February 23, 2021, USCIS requested Plaintiff provide additional evidence and file a Form I-601[1] based on findings that Plaintiff engaged in fraud or willful misrepresentation. Am. Compl. ¶ 9. USCIS stated that the visa number Plaintiff identified as her own was "issued by a U.S. Consular Post to another individual." *Id.* ¶ 10. In response, Plaintiff maintained that her visa was valid and was issued to her; she did not file a Form I-601. *See id.* ¶¶ 11-12. On March 22, 2021, USCIS denied Plaintiff's Status Application due to her failure to file a Form I-601. *Id.* ¶ 12. On April 26, 2021, Plaintiff filed a motion to reopen or reconsider her Status Application with USCIS, which USCIS denied in August 2021. *Id.* ¶ 13.

On January 24, 2022, Plaintiff filed her initial Complaint in this action. *Id.* ¶ 14. On May 2, 2022, USCIS reopened Plaintiff's Status Application. *Id.* ¶ 15. On May 5, 2022, USCIS provided Plaintiff with a Notice of Intent to Deny ("NOID") her Status Application. *See generally* NOID. The NOID informed Plaintiff that USCIS found Plaintiff's visa, and the manner in which she obtained it, questionable. *Id.* at 1. USCIS cited several concerns, including: (1) the discrepancy between the issue date of Plaintiff's visa, April 23, 1992, and the issue date of her passport, April 13, 1995; (2) at her adjustment of immigration status interview, Plaintiff affirmed that it was her first time applying for a visa to visit the U.S. and that she had not been interviewed by a Consular Officer when she received her visa, despite the government's normal practice of conducting interviews before issuing U.S. tourist visas; (3) a search of government records showed

---

[1] Application for Waiver of Grounds of Inadmissibility.

2

that the visa with Plaintiff's FOIL number was issued by the Monterrey, Mexico Consular Post to a person bearing the initials N.G.O.Z, while a search for Plaintiff's name in the same records yielded no results; (4) and several elements of Plaintiff's visa were inconsistent with standard security features in place for U.S. visas.  *Id.* at 1-2.

On August 22, 2022, USCIS issued a new denial of Plaintiff's Status Application.  Am. Compl. ¶ 23; *see generally* Denial.  On August 27, 2022, Plaintiff filed a three-count Amended Complaint in this action: Count I – Arbitrary and Capricious Agency Decision (5 U.S.C. § 706—Administrative Procedure Act ("APA")); Count II – Due Process Violations; and Count III – Equitable Estoppel.  Am. Compl. ¶¶ 39-63.  Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction as to Count I and for failure to state a claim as to Counts II and III.  Mot.  Plaintiff filed an opposition.  D.E. 13 ("Opp'n").  Defendants filed a reply.  D.E. 14 ("Reply").

## II.     LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999).  Pursuant to Rule 12(h)(3), a reviewing court must dismiss an action whenever it appears that the court lacks subject matter jurisdiction.  The burden of persuasion falls on the plaintiff to demonstrate that subject matter jurisdiction exists.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

"An attack on subject matter jurisdiction may be either a facial or a factual attack."  *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).  A facial attack "concerns an alleged pleading deficiency whereas a

3

factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (quoting *CAN*, 535 F.3d at 139). When considering a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff[,]" similar to a motion to dismiss pursuant to Rule 12(b)(6). *See id.* (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)); *Cardio-Med. Ass'n, Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

Whereas, when considering a factual attack, "'it is permissible for a court to review evidence outside the pleadings.'" *Young*, 152 F. Supp. 3d at 345 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). But, unlike a facial attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims," when considering a factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss an action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, a reviewing court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

#### A. The Court Lacks Subject Matter Jurisdiction Over Count I

Defendants argue that this Court lacks subject matter jurisdiction over Count I – Arbitrary and Capricious Agency Decision (5 U.S.C. § 706—APA) because 8 U.S.C. § 1252(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") bars judicial review of any decision regarding adjustment of immigration status made under 8 U.S.C. § 1255 of that same Act. Mot. at 7-8. In seeking to avoid dismissal of this action, Plaintiff argues: (1) USCIS's denial was not a discretionary determination immune from judicial review; (2) *Patel v. Garland* forecloses only judicial review of adjustment of immigration status decisions made by an immigration judge, not USCIS; and (3) the presumption of judicial reviewability is applicable. *See* Opp'n at 2-8. The Court concludes it does not have subject matter jurisdiction over Count I.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have an "independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore must raise and decide jurisdictional questions." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2001). Moreover, federal courts have "federal-question jurisdiction over APA cases unless such review is precluded by a separate statute." *Abuzeid v. Mayorkas*, 62 F.4th 578, 583 (D.C. Cir. 2023) (citing *Califano v. Sanders*, 430 U.S. 99, 105-09 (1977)).

5

Relevant here, Section 1252(a)(2)(B)(i) of the INA provides:

> Notwithstanding any other provision of law (statutory or nonstatutory)…and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or actions made in removal proceedings, no court shall have jurisdiction to review…any judgment regarding the granting of relief under [S]ection…1255[.]

In what appears to be an attempted workaround Section 1252(a)(2)(B)(i)'s judicial bar, Plaintiff seeks review of USCIS's denial of her Status Application under the APA. However, bringing a claim under the APA is not a workaround to Section 1252(a)(2)(B)(i)'s judicial bar. Specifically, "judicial review of agency action is not available under the APA where such review is limited by another statute—here, the INA." *Morina v. Mayorka*, 2023 U.S. Dist. LEXIS 374, at *32 (S.D.N.Y. Jan. 3, 2023) (quoting *Ying Lin v. United States Dep't of Homeland Sec.*, 699 F. App'x 44, 46 (2d Cir. 2017)); *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) ("Appellants cannot avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim under that section of the APA."). Thus, the Court's jurisdiction hinges on whether Section 1252(a)(2)(B)(i)'s judicial bar is applicable.

Plaintiff's Status Application was made under Section 1255. The plain language of Section 1252(a)(2)(B)(i) makes clear that this Court is barred from reviewing USCIS's denial of Plaintiff's Status Application. *See Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022) ("Section 1252(a)(2)(B)(i) strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under [Section] 1255."); *Fernandes v. Miller*, 2023 U.S. Dist. LEXIS 16113, at *7-8 (E.D. Mich. Jan. 31, 2023) (concluding the plain text of "Section 1252(a)(2)(B)(i) stripped the court of subject matter jurisdiction to review USCIS's denial of Fernandes's application for adjustment of status"); *Boldt v. Jaddou*, 2023 U.S. Dist. LEXIS 11638, at *5 (N.D. Ill. Jan. 23, 2023) (noting that Section

1252's plain language bars judicial review of USCIS's denial of adjustment of immigration status application).

Plaintiff's argument that judicial review is only barred where discretionary decisions are made is unconvincing. In *Patel*,

> the Supreme Court explained that federal courts lack jurisdiction to consider "any authoritative decision" by USCIS that applies [Section] 1255 and other enumerated provisions, noting that [Section] 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment *regarding* the granting of relief" under those provisions.

*Abuzeid*, 62 F.4th at 583 (quoting *Patel*, 142 S. Ct. at 1621-22) (emphasis in original).

The Supreme Court "explicitly rejected the argument that the word 'judgment' refers exclusively to a 'discretionary decision' that is 'subjective or evaluative,'" stating that "'[a] judgment does not necessarily involve discretion, nor does context indicate that only discretionary judgments are covered by [Section] 1252(a)(2)(B)(i).'" *Id.* (quoting *Patel*, 142 S. Ct. at 1623, 1625). In attempting to distinguish between discretionary and nondiscretionary decisions, Plaintiff cites to two pre-*Patel* decisions, in which the Third[2] and Fifth[3] Circuits concluded that Section 1252(a)(2)(B)(i)'s judicial bar does not apply to nondiscretionary decisions. *See Pinho*, 432 F.3d at 204 (concluding that determination of eligibility of adjustment of status, unlike the granting of an adjustment, is a purely legal question that does not implicate agency discretion); *Melendez*, 928 F.3d at 426-27 (holding that denial of adjustment of status application was a nondiscretionary decision based on the finding the plaintiff was statutorily ineligible). However, as *Patel* makes clear, Section 1252(a)(2)(B)(i)'s judicial bar reaches beyond just discretionary decisions. Thus,

---

[2] *Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005).
[3] *Melendez v. McAleenan*, 928 F.3d 425 (5th Cir. 2019).

USCIS's denial of Plaintiff's Status Application, whether labeled discretionary or not, Section 1252(a)(2)(B)(i) bars this Court's review of that denial.

Also unconvincing is Plaintiff's attempt to confine *Patel*'s holding to adjustment of immigration status decisions made only by immigration judges. While it is true that *Patel* was decided in the context of a removal proceeding before an immigration judge, post-*Patel* decisions by the D.C. Circuit[4] and the Seventh Circuit[5] both held that the plain language of Section 1252(a)(2)(B)(i) bars judicial review of an adjustment of immigration status denial regardless of whether a denial is made by USCIS. *See Britkovvy*, 60 F.4th at 1028. This Court, in line with these, and other, post-*Patel* decisions, also concludes that Section 1252(a)(2)(B)(i) bars judicial review of adjustment of immigration status decisions made by USCIS. *See Morina v. Mayorkas*, 2023 U.S. Dist. LEXIS 374, at *26 (S.D.N.Y. Jan. 3, 2023) ("Unsurprisingly, although *Patel* was decided in the context of a removal proceeding, courts have construed the Supreme Court's broad language to preclude district court review of *any* non-discretionary adjustment-of-status eligibility determinations including those made by USCIS outside of the removal context.") (citing *Rabinovych v. Mayorkas*, 2022 U.S. Dist. LEXIS 156966, at *14-16 (D. Mass. Aug. 31, 2022)); *Fernandes*, 2023 U.S. Dist. LEXIS 16113, at *7-8 (concluding the plain text of "Section 1252(a)(2)(B)(i) strips this Court of subject matter jurisdiction to review USCIS's denial of Fernandes's application for adjustment of status").

Furthermore, Plaintiff's argument that the presumption of judicial reviewability precludes stripping this Court of jurisdiction has consistently been rejected by post-*Patel* decisions. *See, e.g.*, *Abuzeid*, 62 F.4th at 585 ("We recognize that our interpretation of [Section] 1252(a)(2)(B)(i)

---

[4] *Abuzeid*, 62 F.4th at 584.
[5] *Britkovvy v. Mayorkas*, 60 F.4th 1024, 1028 (7th Cir. 2023).

leaves no path for judicial review of denials of adjustment of status by USCIS. That result is dictated by the plain meaning of the statute and by the reasoning of *Patel*."); *Britkovvy*, 60 F.4th at 1029 (concluding that "[w]hile *Patel* does not resolve the question presented in this appeal [USCIS's denial of adjustment of immigration status application], its reasoning supports the conclusion that judicial review is unavailable").  Significantly, in *Patel*, the Supreme Court acknowledged that "it is possible that Congress did, in fact, intend to close [the] door [of judicial review of USCIS decisions,]" and that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress'[s] choice to reduce procedural protections in the context of discretionary relief."  142 S. Ct. at 1626-27.  Thus, despite the possibility that its ruling could insulate USCIS decisions from judicial review, "the [Supreme] Court declined to interpret the statute to avoid that very consequence, stating that 'policy concerns cannot trump the best interpretation of the statutory text.'"  *Abuzeid*, 62 F.4th at 586 (quoting *Patel*, 142 S. Ct. at 1627); *see also Patel*, 142 S. Ct. at 1627 ("Because [Section 1252(a)(2)(B)(i)] is clear, we have no reason to resort to the presumption of reviewability.").  Therefore, this Court will not presume judicial reviewability.

For the foregoing reasons, the Court concludes it does not have subject matter jurisdiction over Count I – Arbitrary and Capricious Agency Decision (5 U.S.C. § 706—APA).  *See, e.g.*, *Abuzeid*, 62 F.4th at 586; *Britkovvy*, 60 F.4th at 1027, 1032; *Garcia v. USCIS*, 2023 U.S. Dist. LEXIS 66849, at *7 (W.D. Wash. Apr. 17, 2023); *Fernandes*, 2023 U.S. Dist. LEXIS 16113, at *7-8; *Boldt*, 2023 U.S. Dist. LEXIS 11638, at *5, *9; *Morina*, 2023 U.S. Dist. LEXIS 374, at *26; *Walsh v. Mayorkas*, 2022 U.S. Dist. LEXIS 216627, at *19 (N.D. Ill. Dec. 1, 2022).  Accordingly, Count I will be dismissed.

9

**B. Counts II and III Fail to State a Claim Upon Which Relief Can be Granted**

*1. Count II Fails to State a Claim Upon Which Relief Can be Granted*

Next, Defendants argue that Count II – Due Process Violations fails to state a claim upon which relief can be granted because there is no constitutionally protected liberty nor property interest in an adjustment of immigration status. *See* Mot. at 11-13. In her opposition brief, Plaintiff argues that she has a constitutionally protected liberty interest in continuing to reside in the U.S. with her adult daughter, as well as a protected property interest in retirement benefits, two interests which Plaintiff is or will be deprived of if USCIS's denial of her Status Application stands. *See* Opp'n at 11-18. The Court concludes Count II does not state a claim upon which relief can be granted.

The "presence of a legitimate 'property' or 'liberty' interest within the meaning of the [F]ifth or [F]ourteenth [A]mendment [is a] prerequisite to constitutional due process protection." *Hicks v. Feeney*, 770 F.2d 375, n.4 (3d Cir. 1985) (citing *Arnett v. Kennedy*, 416 U.S. 134, 164 (1974) (Powell, J., and Blackmun, J., concurring in part). Plaintiff does not plead a constitutionally protected liberty interest. Plaintiff has pled neither a constitutionally protected property nor liberty interest.

Dispositive of Plaintiff's Due Process claim is *Mudric v. AG of the United States*, in which the Third Circuit made clear that "[w]hile an [individual] may be eligible for a grant of asylum or an adjustment of status under the immigration laws, [s]he is not entitled to such benefits as a constitutional matter." 469 F.3d 94, 99 (3d Cir. 2006). As pled, Plaintiff's Due Process claim grounds itself entirely in USCIS's denial of Plaintiff's Status Application. *See* Am. Compl. ¶¶ 51- 57 ("The USCIS denial decision is not grounded on any statute or caselaw. The adjudicating officer lied about the existence of alterations on Plaintiff's visa when he issued the NOID…."). However,

10

as Defendants point out, Plaintiff does not have a constitutionally protected interest in the approval of her Status Application. Therefore, Plaintiff has not sufficiently pled a Due Process claim.

Moreover, Plaintiff's allegation that she has constitutionally protected interests beyond her interest in an adjustment of immigration status are raised for the first time in her opposition brief to Defendants' motion to dismiss. *Compare* Am. Comp. (raising no allegations that Plaintiff has a liberty interest in residing in the U.S. with her adult daughter nor that she has a property interest in Social Security retirement benefits) *with* Opp'n at 11-18 (raising allegations concerning liberty and property interests not mentioned in her Amended Complaint). However, "[i]t is axiomatic that the complaint may not be amended by [a] brief[] in opposition to a motion to dismiss." *Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 654, 573 (D.N.J. 2010) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007)). Therefore, the Court will not entertain the new facts alleged in Plaintiff's opposition brief to Defendants' motion to dismiss, *i.e.*, that she has a liberty interest in residing in the U.S. with her adult daughter and that she has a property interest in Social Security retirement benefits. *See Concepcion v. Silver Line Bldg. Prods.*, 2022 U.S. Dist. LEXIS 96571, at *12 n.7 (D.N.J. May 31, 2022) (citing *Schiavo v. Carney*, 548 F. Supp. 3d 347, 441 n.3 (D. Del. 2001) ("The Court is unable to entertain new facts alleged in Concepcion's opposition brief to this Motion….").[6] Accordingly, Count II will be dismissed.

---

[6] Even if the Court were to consider Plaintiff's newly alleged constitutionally protected interests, Count II – Due Process Violations would still fail. For example, in *McCurdy v. Dodd*, the Third Circuit held that parents have no constitutional interest in "the companionship of [an] independent adult child." 352 F.3d 820, 830 (3d Cir. 2003). The Third Circuit explained that the Supreme Court defined a parent's liberty interest as the right to make critical child-rearing decisions concerning the care, custody, and control of *minors*. *Id.* at 829 (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2004). "So defined, this fundamental right cannot exist indefinitely…it must cease to exist at the point at which a child begins to assume that critical decisionmaking responsibility for himself or herself." *Id.* Thus, Plaintiff's interest in continuing to reside in the U.S. with her adult daughter is not a constitutionally protected liberty interest.

2. *Count III Fails to State a Claim Upon Which Relief Can be Granted*

Lastly, Defendants contend that Count III – Equitable Estoppel fails to state a claim upon which relief can be granted because Plaintiff fails to plead sufficient facts showing USCIS knowingly made a representation with the intent to induce her into establishing her life in the U.S. or that USCIS committed affirmative misconduct. Mot. at 13. Additionally, Defendants add that the unclean hands doctrine also likely precludes Plaintiff's claim. *Id*. Plaintiff seeks to equitably estop USCIS "from asserting the misrepresentation ground of inadmissibility against [Plaintiff]" as a basis for denying her Status Application. *See* Am. Compl. ¶ 59. The Court concludes Count III does not state a claim upon which relief can be granted.

A plaintiff asserting an equitable estoppel claim against the government concerning immigration proceedings "'must establish[:] (1) a misrepresentation; (2) upon which [s]he reasonably relied; (3) to [her] detriment; and (4) affirmative misconduct.'" *Shimisany v. Thompson*, 2017 U.S. Dist. LEXIS 20325, at *12 (D.N.J. Feb. 10, 2017) (quoting *Mudric v. AG of the United States*, 469 F.3d 94, 99 (3d Cir. 2006) (citation omitted)). Affirmative misconduct requires more than just mere negligence. *See Markowski v. Ashcroft*, 66 F. App'x 374, 375 (3d Cir. 2003) (explaining that the plaintiff's showing that INS officials acted with negligence was not evidence of affirmative misconduct).

Plaintiff does not adequately plead Defendants engaged in affirmative misconduct. Specifically, Plaintiff alleges that two actions by USCIS rise to the level of affirmative misconduct, but neither action is adequately pled. First, Plaintiff asserts "USCIS engaged in fraudulent behavior" by "blatantly l[ying] about the existence of several inconsistencies found on Plaintiff's U.S. Visa." *See* Opp'n at 8-9; Am. Compl. ¶ 28. This is a conclusory allegation, which provides no factual basis that Defendants "blatantly lied" to Plaintiff; in fact, in concluding there were

several inconsistencies with Plaintiff's visa, Defendants detailed several concerns USCIS had with Plaintiff's visa, *i.e.*, the FOIL number on Plaintiff's visa was issued to a different individual in Mexico and a search for Plaintiff in government records yielded no results.  *See generally* NOID; Denial.

Second, Plaintiff asserts USCIS "issued 2 different Visas bearing the same FOIL number." *See* Opp'n at 9-10.  This is also nothing more than a conclusory allegation, which provides no factual basis to believe that Defendants issued two visas bearing the same FOIL number; in fact, Defendants provide Plaintiff with the location (Mexico) and the initials of the individual (N.G.O.Z.) to whom USCIS issued the FOIL number that Plaintiff purports was issued to her.  *See generally* NOID; Denial.  Moreover, Defendants made efforts to determine whether a visa was issued to Plaintiff by searching government records, *i.e.*, whether any visas issued in San Jose, Costa Rica between April 23, 1990 and April 22, 2001 to individuals born on Plaintiff's birthdate were issued to Plaintiff.  *See* NOID at 7-9.  None of Defendants' searches yielded results for Plaintiff.  *See id.*  Defendants even provided copies of those searches to Plaintiff.  *See id.*

Thus, Plaintiff has failed to sufficiently allege Defendants engaged in affirmative misconduct.  Because Count III – Equitable Estoppel cannot proceed without this element, the Court need not address Defendants' other arguments as to this claim.  Accordingly, Count III will be dismissed.

## IV.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Plaintiff's Amended Complaint will be **GRANTED**.  Counts I, II, and III will be **DISMISSED** *without prejudice*.  An appropriate Order accompanies this Opinion.

Dated: May 31, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

13